EMERY M. CARPENTER et al., Appellants, v. GENERAL DYNAMICS ASTRONAUTICS (Division of General Dynamics Corporation), Respondent.— MEMORANDUM BY THE COURT. Respondent's construction contract with the United States Air Force was made subject to certain Federal statutes, the Davis-Bacon Act (46 U. S. Stat. 1494 [1935], as amd.; U. S. Code, tit. 40, §§ 276a–276a–7 [1964]), which provides rules for the determination of wages on Federal contracts, and the Eight-Hour Law as then in force (27 U. S. Stat. 340 [1892], as amd.; U. S. Code, tit. 40, § 321 [1958]; 54 U. S. Stat. 884 [1940]; U. S. Code, tit. 40, § 325a [1958]), which requires payment of so-called time and a half for overtime. Under these statutes appellants, the employees of respondent's subcontractor, sue both contractor and subcontractor for wages to which they were allegedly entitled from the subcontractor, alleging that they were deprived of the wages by the subcontractor's wrongful acts. There appears no contract provision nor any statute or decisional law whereby, upon the facts of this case, respondent can be held liable for the payment of the wages of its subcontractor's employees in an action of this sort. Order dismissing complaint as to defendant-respondent for insufficiency affirmed, without costs. Herlihy, J. P., Reynolds, Aulisi and Hamm, JJ., concur.

In the Matter of the Estate of HARVEY C. LOCKE, Deceased. KATHLEEN L. RABE et al., Appellants; N. LE VAN HAVER, Respondent.— Order affirmed, with costs to respondent Haver payable from the estate (see *Matter of Salkind*, 18 A D 2d 829). Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.

SANDRA VIALL, by EDWARD VIALL, Her Guardian ad Litem, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 38375.) — MEMORANDUM BY THE COURT. Appeal from a judgment dismissing claimant's negligence action against the State. Within the City of Mechanicville and for a distance of approximately 400 feet along the Barge Canal, the State owned and maintained a dock or marina. Part of the property was in the process of being leased to the city for recreational facilities. The infant claimant, while playing with other children on that part of the dock under the exclusive control of the State, was caused to fall and sustain injuries when she tripped over a metal bumper. At the close of the claimant's case the court dismissed the claim, holding that the infant claimant was a trespasser and there was no proof of any wanton, intentional or malicious act on the part of the State. The record establishes that the infant claimant was on the State property for her own personal enjoyment and was not invited to the particular dock for any purpose in furtherance of the business of the State. It was not found that there was any dangerous trap against which a trespasser, such as the infant claimant, would be protected nor does the fact that persons may have used the dock facilities with the State's knowledge, prior to the accident, afford a basis for recovery. (See *Ryan* v. *State of New York*, 13 Misc 2d 282, 286, affd. 19 A D 2d 696.) Judgment affirmed, without costs. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.